940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. COLE, personally and as a representative of a class,
Plaintiff-Appellant,
Paula Cole, personally and as Executrix of the Estate of
John Cole, Sr., deceased, Plaintiff,
v.
FIRST BANK NATIONAL ASSOC., John Bustemante, Fran Reimer,
Defendants-Appellees.
 No. 90-4045.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1991.
 
 Before BOGGS, Circuit Judge, LIVELY, Senior Circuit Judge, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, John E. Cole, appeals from a final order of the district court dismissing this case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The plaintiff-appellant waived oral argument just prior to the date of the hearing, and the defendants-appellees appeared by counsel and presented oral argument. Upon consideration of the record on appeal, briefs of the parties and oral argument of the appellees, we conclude that the district court properly dismissed the action.
 
 
 2
 The complaint sought damages for alleged violations by the defendant bank acting through its employee, the individual defendant Reimer, of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S. Sec. 1961, et seq., and the federal usury law, 12 U.S.C. Sec. 85, as well as for alleged violations of state law. The factual claim in the complaint was that the bank charged John E. Cole and his father, now deceased, interest on a $66,000 loan at a rate greater than that provided for in the loan agreement and also in excess of the rate permitted by the federal usury law. The complaint charged, in wholly conclusory terms, that the defendants committed "multiple predicate acts of racketeering activity" in conjunction with the loan, "sufficient to establish a pattern of racketeering activity," thus giving rise to a civil RICO claim for damages.
 
 
 3
 The complaint stated that the bank had agreed to charge interest at "prime + 2," or 2% above the prime rate. However, instead of charging them interest at 2% above "the national published prime rate," the bank charged 2% above "its own artificially determined prime rate." The complaint did not state either the rate actually charged or the rate referred to as "the national published prime rate." Exhibit A, annexed to the complaint, was a copy of the "commercial purpose loan" promissory note executed by the plaintiff-appellant and his father. It designated the interest rate on the loan as "P + 2 floor of 10%." There was no reference to a "national published prime rate."
 
 
 4
 The essence of the complaint was that the bank caused the plaintiffs injury by "the fraudulent inducement and misrepresentations of ... [the defendant] Reimer" that caused them to pay interest during the life of the loan that "exceeded an amount equal to that which defendant was charging its most favored customers and therefore is excessive by any rational standard." The plaintiffs did not detail the elements of the alleged fraud as required by Fed.R.Civ.P. 9(b).
 
 
 5
 The complaint fell far short of stating a claim either for civil RICO damages or for relief under the federal usury law, even when given the benefit of a most indulgent reading. As presented by the plaintiffs in the complaint with annexed Exhibit A, it is clear that any claim of the plaintiffs resulting from the bank's handling of the loan did not arise from a violation by the defendants of either RICO or the federal usury law. The district court did not commit error in granting the defendants' Rule 12(b)(6) motion, and did not abuse its discretion in declining to consider the state claims under its pendent jurisdiction. In view of our disposition of the appeal, it is not necessary to consider the additional arguments for affirmance made on behalf of the Federal Deposit Insurance Corporation, as receiver for the defendant bank.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation